5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Milton Burl BARNES, Appellant.
 No. 93-1912.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 27, 1993.
Filed: September 23, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Milton Barnes appeals from the part of the district court's[1] judgment entered upon a jury verdict finding him guilty of possessing 330 pounds of phenylacetic acid, with knowledge that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. Sec. 841(d)(2) and 18 U.S.C. Sec. 2. We affirm.
 
 
 2
 The record indicates law enforcement officers had conducted long-term surveillance of Barnes's business, which had been ordering large amounts of phenylacetic acid, a chemical listed in 21 U.S.C. Sec. 802(34)(H). Officers stopped Barnes and arrested him for possession of phenylacetic acid in April 1991. He was released shortly thereafter, and he moved to a new town, set up a new business, and ordered another large shipment of phenylacetic acid. He was arrested in August 1991 and indicted with his co-defendant Kevin Morales on two counts of possession of phenylacetic acid. Barnes moved to suppress the evidence relating to his April 1991 arrest, arguing the arrest was not based on probable cause.
 
 
 3
 After a suppression hearing, the district court determined that the officers had probable cause to stop the truck, arrest Barnes, and search the entire truck. The court denied Barnes's motion, and admitted the evidence at trial. The jury convicted Barnes on one count and acquitted Morales. On appeal, Barnes argues the court erred in failing to suppress the evidence officers seized in the search incident to his April arrest because they did not have probable cause to arrest him.
 
 
 4
 We will not overturn the district court's finding of probable cause to make a warrantless arrest unless it is clearly erroneous. United States v. Morgan, No. 92-2091, slip op. at 3-4 (8th Cir. July 2, 1993). Having carefully reviewed the testimony given at the suppression hearing, we conclude the district court did not clearly err when it found that officers had probable cause to arrest Barnes and to believe his truck contained contraband. "The existence of probable cause to make a warrantless arrest depends upon 'whether, at the moment the arrest was made, ... the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.' " Id. at 3 (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). In addition, the Supreme Court has held that if police have probable cause to believe that a lawfully stopped vehicle is transporting contraband, they may conduct a warrantless search of every part of the vehicle and containers within the vehicle that may conceal the contraband. United States v. Ross, 456 U.S. 798, 823-25 (1982); see also California v. Acevedo, 111 S. Ct. 1982, 1986-87, 1991 (1991).
 
 
 5
 Here, officers knew that a large shipment of phenylacetic acid would be delivered to Barnes's business. When the acid was delivered, Barnes and Morales began acting suspiciously. They loaded the chemical into a different building, they changed into coveralls, they stayed after their regular business hours, and they moved the pickup truck to the back of the building-actions they had not taken before during the surveillance. Although police officers could not see if Barnes and Morales actually put anything into the truck, officers later found a barrel outside the building which smelled strongly of phenylacetic acid. Officers knew that illegal users of phenylacetic acid often break the acid down into smaller containers to inhibit police officers' ability to track the acid. Barnes got on the highway in his truck late that night, and drove erratically and suspiciously for hours. Because probable cause existed for Barnes's arrest, the search of his truck's interior was valid as a search incident to a lawful arrest. See Morgan, slip op. at 5. Moreover, the truck smelled of phenylacetic acid when officers stopped it, and they saw buckets through the camper shell windows. We conclude officers had probable cause to believe the truck contained contraband. See United States v. Reed, 733 F.2d 492, 506 (8th Cir. 1984).
 
 
 6
 Accordingly, the conviction is affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas